IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LHF PRODUCTIONS, INC.,**

    **Plaintiff,**

v.                                            Civil Action No. 3:16cv282

**JOHN DOES 1–24,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on four motions: (1) the Second Motion to Extend Time Pursuant to Federal Rule of Civil Procedure 4(m) (the "Second Motion to Extend Time") filed by Plaintiff LHF Productions, Inc. ("LHF"), (ECF No. 8); (2) the Motion for Discovery to Take Pre-Conference Depositions (the "Motion for Discovery") filed by LHF, (ECF No. 9); (3) the Third Motion to Extend Time Pursuant to Federal Rule of Civil Procedure 4(m) and Notice of First Amended Complaint (the "Third Motion to Extend Time") filed by LHF, (ECF No. 11); and, (4) the Motion of Plaintiff for Leave to File Second Amended Complaint (the "Motion for Leave to File") filed by LHF, (ECF No. 12). The Court exercises jurisdiction pursuant to 28 U.S.C. § 1338(a).[1] The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.

For the reasons that follow, the Court will: (1) order LHF to file a First Amended Complaint within fourteen (14) days of entry of this Memorandum Opinion and Order; (2) sever

---

[1] 28 U.S.C. §1338(a) states in part: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

and dismiss without prejudice all defendants except the first named defendant; (3) quash any subpoenas issued pursuant to its May 26, 2016 Order, (ECF No. 5), to the extent the subpoenas pertain to any defendants other than the first named defendant; (4) deny as moot the Second Motion to Extend Time, (ECF No. 8), (5) deny as moot the Motion for Discovery, (ECF No. 9); (6) grant LHF's Third Motion to Extend Time, (ECF No. 11), only to the extent it pertains to the first named defendant; and, (7) deny as moot the Motion for Leave to File, (ECF No. 12).

## I. Factual and Procedural Background

### A. Allegations in the Complaint

On May 13, 2016, LHF filed its Complaint for Copyright Infringement against John Does 1–24 in this Court.[2] (ECF No. 1.) The Complaint listed 24 John Doe defendants ("the Defendants"), identified by their Internet Protocol ("IP") addresses, who had allegedly infringed on LHF's copyrighted work, the motion picture *London Has Fallen* ("the Movie"), in violation of the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. To establish personal jurisdiction in this District, LHF used "geolocation technology" to trace the IP addresses of all the Defendants to a point of origin within this District.

The Complaint alleges that, using a network called a "BitTorrent protocol" ("BitTorrent"), the Defendants "reproduced, distributed[,] and offered to distribute" the Movie without LHF's consent or permission. (Compl. 2–3.) The Defendants' alleged use of BitTorrent occurred over the span of nine days: March 8, 2016, to March 17, 2016. LHF contends that BitTorrent differs from a Peer-to-Peer protocol in that it facilitates data-sharing among individuals and "makes even small computers with low bandwidth capable of participating in

---

[2] The same day, LHF filed two other nearly identical complaints in this Court. *LHF Prods., Inc. v. Does 1–25*, 3:16cv283; *LHF Prods., Inc. v. Does 1–20*, 3:16cv284. LHF has filed two other similar complaints in this Court. *LHF Prods., Inc. v. Does 1–18*, 3:16cv274 and *LHF Prods., Inc. v. Does 1–10*, 3:16cv748.

2

large data transfers." (*Id.* at 2.) In BitTorrent, the initial shared file is called a "seed," and other users on the network are called "peers." When peers connect to the network and request the seed, they receive different pieces of the seed data from other peers who have already downloaded the file. Each peer thus "becomes a part of the network from which the file can be downloaded." (*Id.*) This group of peers is called a "swarm." LHF claims that with BitTorrent, "every downloader [is] also an uploader" of the shared file, and every member of a swarm serves as a source for the seed file, so long as the member remains online at the time other peers download the file. (*Id.* at 2–3.) Furthermore, "because of the nature of the swarm downloads . . . every [peer] is [downloading seed data] from many [ISPs] in numerous jurisdictions." (*Id.* at 3.) Uploading one seed file to a BitTorrent network "can result in nearly instantaneous worldwide distribution of that single [file] to a limitless number of people." (*Id.*)

LHF asserts that "each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file" of the Movie, and thereby "participated in a collective and interdependent manner with other Defendants" to infringe LHF's copyright. (*Id.* at 5–6.) LHF states that because all the Defendants participated in the "same swarm" using BitTorrent, all the Defendants participated in the "same transaction, occurrence[,] or series of transactions or occurrences as the other Defendants in the swarm." (*Id.* at 6.) LHF seeks declaratory, injunctive, and monetary relief.

On May 19, 2016, LHF filed a Motion for Leave to Serve Third Party Subpoenas in order to ascertain the identities of the John Doe defendants associated with the IP addresses. LHF sought leave to serve limited discovery on the Internet Service Providers ("ISPs") from which the Defendants obtain Internet access in order to determine the Defendants' identities. On May 26, 2016, the Court granted LHF's Motion and allowed LHF to serve subpoenas under Federal

Rule of Civil Procedure 45[3] seeking "information sufficient to identify each defendant, including name, address, telephone number, email address, and Media Access Control address." (Order 2.)

### B. LHF's Second Motion to Extend Time

On October 6, 2016, LHF filed the Second Motion to Extend Time, requesting the Court to extend time to serve the Defendants because "[t]he process of identifying likely infringers is continuing and LHF expects to complete that process by November 30, 2016." (Mot. Extend Time 2.) LHF asked for an extension of sixty days "to complete depositions for identification purposes, joinder, and service of the defendants of this case." (*Id.*)

---

[3] Rule 45 governs subpoenas. It states, in pertinent part:

**(3) *Quashing or Modifying a Subpoena*.**

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3).

4

### C. LHF's Motion for Discovery

Also on October 6, 2016, LHF filed the Motion for Discovery, requesting that the Court "grant[] it leave to take depositions prior to a Rule 26(f) conference . . . ." (Mot. Disc. 1.) In support of the Motion for Discovery, LHF asserts, *inter alia*, that: (1) good cause exists to grant the motion; (2) LHF seeks limited and specific discovery; (3) no alternative means exists to learn Defendants' identities; and, (4) LHF's interest in knowing Defendants' identities outweighs Defendants' interests in remaining anonymous. (*Id.* at 5–8.) LHF requests the Court's permission to "take depositions of certain IP address assignees in order to attempt to determine the true name and address of each Doe Defendant." (*Id.* at 10.) LHF alleges that "[w]ithout this information, LHF cannot properly move its lawsuit forward . . . ." (*Id.*)

### D. LHF's Third Motion to Extend Time

On December 7, 2016, LHF filed the Third Motion to Extend Time, requesting another extension of time to serve the Defendants. LHF included a "Notice of Filing of Amended Complaint" in the Third Motion to Extend Time and attached the "First Amended Complaint," which included named defendants, to the Motion as an exhibit. The Third Motion to Extend requests until January 6, 2017, to serve the "name[d] IP address holders *that have not settled.*" (Mot. Extend 1 (emphasis added).) LHF asserts that "good cause . . . exists in terms of the time required for obtaining summons and serving the named defendants," and requests additional time "*to complete settlements where possible* and service of others that do not settle." (*Id.* at 2 (emphasis added).)

### E. LHF's Motion for Leave to File

On December 20, 2016, LHF filed the Motion for Leave to File, requesting leave to further amend its proposed "First Amended Complaint" and file a Second Amended Complaint.

5

(Mot. Leave File 2.) LHF states that after obtaining the identities of people assigned the IP addresses associated with the alleged infringement, "LHF made a good faith effort to identify actual infringers and *seek settlement with each person* identified by the subpoenaed information." (*Id.* at 2 (emphasis added).) LHF requests this Court's permission to amend its "First Amended Complaint" to correct "clerical errors" in that proposed filing. (*Id.*) These inaccuracies included LHF "erroneously includ[ing]" a person—in a proposed public document—as an infringer whom LHF had "verified as a non-infringer." (*Id.*) Such substantive blunders cause the Court grave concern.

## II. LHF May File Its First Amended Complaint as a Matter of Right

Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A).[4] LHF filed its "Notice of Amended Complaint" before any Defendants had been served. Therefore, Rule 15(a)(1)(A) permits LHF to file an amended complaint as a matter of course. The Court will order LHF to file an amended complaint.[5]

## III. The Court Will *Sua Sponte* Sever All Defendants Except the First Named Defendant

### A. Legal Standard for Joinder of Defendants

Federal Rule of Civil Procedure 20(a)(2) allows joinder of defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and[,] (B) any

---

[4] Rule 15(a)(1)(A) states: "A party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A).

[5] LHF attached its "First Amended Complaint" to the Third Motion to Extend Time as an exhibit. (ECF No. 11-1.) The First Amended Complaint lists thirteen named defendants. In light of the Court's ruling that all Defendants must be severed, the Court will order LHF to file an amended complaint that includes only the first named defendant.

6

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Although misjoinder cannot undergird the dismissal of an action, "[o]n motion or *on its own*, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added).

Rule 20 supports the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties[,] and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). "[T]he rule should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). The transaction or occurrence test of Rule 20 generally proceeds on a case by case basis, and permits all "reasonably related claims . . . to be tried in a single proceeding." *Id.* If the joinder of parties or claims will result in prejudice, expense, or delay, the Court has discretion to deny joinder. *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). The propriety of joinder rests within the sound discretion of the trial court. *Saval*, 710 F.2d at 1031.

"District courts across the country are split regarding the question of whether joinder of unidentified defendants is appropriate" in cases alleging the use of BitTorrent to share copyrighted works. *Third Degree Films, Inc. v. Does 1–108*, No. DKC 11–3007, 2012 WL 1514807, at *2 (D. Md. April 27, 2012) (collecting cases). However, "[a] majority of courts . . . specifically have held that the properties of BitTorrent are insufficient to support joinder." *Patrick Collins, Inc. v. Does 1–10*, No. 8:12cv00094, 2012 WL 1144980, at *5 (D. Md. Apr. 4, 2012) (collecting cases). Importantly, every case in this District has found joinder improper when based on allegations of file-sharing using BitTorrent. *See Raw Films, Ltd. v. Does 1–32*,

7

No. 3:11cv532, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (finding the allegation that defendants used BitTorrent to copy and reproduce copyrighted material insufficient to support joinder because "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder"); *see also Malibu Media, LLC v. John Does 1–23*, 878 F. Supp. 2d 628, 632 (E.D. Va. 2012) ("Where, as here, a plaintiff seeks to join several defendants in an action based on filesharing activity, . . . a plaintiff must allege facts that permit the court at least to infer some actual, concerted exchange of data between those defendants."); *Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11cv345, 2011 WL 4915551, at *3 (E.D. Va. Oct. 17, 2011) (finding joinder improper in a case alleging that defendants used BitTorrent to copy and reproduce copyrighted material); *K-Beech, Inc. v. John Does 1–85*, No. 3:11cv469, 2011 WL 10646535, at *2 (E.D. Va. Oct. 13, 2011) (same).

The Fourth Circuit has not ruled on the issue of joinder in cases involving BitTorrent filesharing, and the only court of appeals to consider the matter found joinder improper. *See AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014). That court, although assuming that "two individuals who participate in the same swarm *at the same time* are part of the same series of transactions within the meaning of Rule 20(a)(2)" held that "[Plaintiff] has provided no reason to think that the Doe defendants it named in this lawsuit were ever participating in the same swarm at the same time." *Id.*

### B. LHF Fails to Allege that the Defendants Participated in the Same Transaction or Occurrence

Consistent with the majority of district courts in the country and every court in this District, the Court concludes that LHF's allegations that the Defendants used BitTorrent to share copyrighted work do not satisfy Rule 20 requirements for joinder of defendants. LHF cannot satisfy federal rules by simply labelling, in a conclusory fashion, the Defendants' conduct as part

8

of the "same swarm."[6] *See Malibu Media*, 878 F. Supp. 2d at 632. Without more, LHF fails to establish that the Defendants participated in the same "transaction, occurrence, or series of transactions or occurrences," as required for joinder under Rule 20. Fed. R. Civ. P. 20(a)(2)(A). Although the transaction or occurrence test of Rule 20 permits all "reasonably related claims . . . to be tried in a single proceeding," *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983), "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder," *Raw Films*, 2011 WL 6182025, at *2.

Ultimately, LHF has merely alleged that the Defendants used BitTorrent to download and share pieces of the Movie. LHF has not included any facts that suggest the Defendants shared those pieces with each other, thus engaging in the same transaction or occurrence. LHF's Complaint itself states that, given the nature of BitTorrent, even members of the "same swarm" are "stealing copyrighted material from many . . . ISPs in numerous jurisdictions." (Compl. 3.) Given the numerous individuals who could have been involved in the data transfers at issue here and the lack of specific factual allegations that these individuals shared data with each other, the Court concludes that LHF's allegations cannot support joinder. *See Malibu Media, LLC v. Does 1–34*, No. PJM 12-1195, 2012 WL 1792979, at *2 (D. Md. May 15, 2012) ("Plaintiff never asserts that Defendants downloaded or uploaded the same seed piece exclusively among themselves and thereby acted in concert. Moreover, the distributed nature of the BitTorrent network means that at least some of the Doe Defendants likely obtained the seed piece at issue from users not named in the Complaint."); *see also Media Products, Inc. v. John Does 1–44*, No.

---

[6] LHF's bald assertions that "Defendants participated in a collective and interdependent manner with other Defendants," and that "[b]y participating in the same swarm, each Defendant participated in the same transaction, occurrence[,] or series of transactions or occurrences as the other Defendants in the swarm," (Compl. 5–6), do not persuade. LHF fails to state any specific *facts* showing actual or concerted activity from which the Court could infer that joinder would be proper. *See Malibu Media*, 878 F. Supp. 2d at 632.

PJM 12-1292, 2012 WL 1658581, at *2 (D. Md. May 10, 2012) (same); *Third Degree Films, Inc. v. John Does 1–32*, No. PJM 12-1298, 2012 WL 1658682, at *2 (D. Md. May 10, 2012) (same); *Digital Sin, Inc. v. John Does 1–88*, No. PJM 12-24, 2012 WL 1641035, at *2 (D. Md. May 8, 2012) (same).[7] The Court will *sua sponte* sever the Defendants in this case.

### C. Even if LHF Properly Invoked Rule 20(a), Rule 20(b) Might Support Discretionary Severance of the Defendants

While the Court does not so find here, it notes that Federal Rule of Civil Procedure 20(b) allows a court to order separate trials to protect a party "against embarrassment, delay, expense, or other prejudice."[8] Fed. R. Civ. P. 20(b). Because LHF, bringing several similar cases, seeks additional time "to complete settlements where possible and service of others that do not settle," (Mot. Extend 2), this Court might consider granting discretionary severance even if the

---

[7] Many of the courts that found joinder improper relied in part on the length of time over which the alleged file-sharing occurred in holding that those plaintiffs' complaints failed to meet the transaction or occurrence test of Federal Rule 20. *See, e.g., AF Holdings*, 752 F.3d at 998 ("Two individuals who downloaded the same file five months apart are exceedingly unlikely to have had any interaction with one another whatsoever."); *Malibu Media*, 878 F. Supp. 2d at 632 ("[T]he spans of time [of two to three months] shown in plaintiffs' investigations make it difficult to draw the conclusion that there has been any actual exchange of data between and among the defendants in this case."). While it constitutes a factor worth considering, this Court does not find the length of time over which a defendant's use of BitTorrent occurred dispositive in determining the propriety of joinder. Regardless of the length of time over which the alleged infringement transpired, a plaintiff attempting to join multiple defendants must provide plausible factual allegations supporting an inference that those defendants participated in the same "transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).
Thus, although the purported copyright infringement in this case allegedly occurred over the span of nine days rather than several months, LHF still fails to "allege facts that permit the [C]ourt at least to infer some actual, concerted exchange of data" among the Defendants in this case. *See Malibu Media*, 878 F. Supp. 2d at 632. LHF asserts that all the Defendants were members of the "same swarm," but, as with the cases discussed above, LHF never alleges facts that indicate any direct exchange of data among *these twenty-four individuals*.

[8] Rule 20(b) grants a court the discretion to sever parties as follows: "The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b).

10

conditions of Rule 20(a) had been met. LHF makes the same representations in identical filings in two other cases before this Court. (*Compare* Mot. Extend 2, ECF No. 11, *with LHF v. Does 1–18*, 3:16cv274 Mot. Extend 2, ECF No. 11, *and LHF v. Does 1–20*, 3:16cv284 Mot. Extend 2, ECF No. 11.)

Like others, this Court becomes wary of statements about pre-answer settlement when plaintiffs sue under a BitTorrent-based copyright claim. In this division, a dubious court already has commented that other plaintiffs, in a nearly identical series of cases, "seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does." *Raw Films*, 2011 WL 6182025, at *3.

Other courts go further. Considering the potential to coerce unjust settlements alongside the fact that each defendant might require a "mini-trial" about what information it did or did not share, courts have condemned joinder because the enormous burden of trial for the joined defendants would "'completely defeat[] any supposed benefit from the joinder of all Does . . . and would substantially prejudice defendants and the administration of justice.'"[9] *Patrick*

---

[9] Although this Court does not see bad faith in this case, this Court questions a litigation practice that potentially allows private citizens to be named—wrongly—as infringers. This division has already seen one series of BitTorrent cases brought by different counsel where *pro se* defendants sought refuge from aggressive settlement techniques. *See Raw Films*, 2011 WL 6182025, at *3 (ordering plaintiff to show cause why conduct, including directly contacting defendants and demanding payment in settlement of asserted copyright infringement claims, does not violate Federal Rule of Civil Procedure 11).

Any court must be mindful of litigation patterns or practices that could cross appropriate lines, especially when it involves unrepresented parties. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ."); Fed. R. Civ. P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.").

*Collins, Inc.*, 2012 WL 1144980, at *7 (second alteration in original) (quoting *Hard Drive Prods. v. Does 1–188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011)). The rationale for the $400 filing fee—revenue-sharing and curbing the filing of frivolous suits[10]—also supports discretionary severance. *Patrick Collins, Inc.*, 941 F. Supp. 2d at 166 (citing cases that severed defendants due to the substantial increase in judicial workload relative to the avoidance of up to $100,000 in filing fees). Such considerations, at least one court persuasively has found, would support discretionary severance of defendants. *Patrick Collins, Inc.*, 2012 WL 1144980, at *7 (noting that even if Rule 20(a) joinder conditions had been met, discretionary severance under Rule 20(b) would be proper because "joinder here is inefficient, raises significant manageability problems, and is unduly prejudicial to the defendants"). This record readily could support discretionary severance.

### IV. Third Motion to Extend

That said, the Court will grant LHF's Third Motion to Extend Time to the extent it pertains to the first named defendant. Federal Rule of Civil Procedure 4(m) governs the time for service of process. Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added). Under Rule 4(m), if LHF demonstrates "good cause" for failing to serve the first named defendant, the Court must grant an extension of time. If, on the

---

[10] "The filing fee, which is required under 28 U.S.C. § 1914(a), serves two salutary purposes. First, it is a revenue sharing measure. Second, § 1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits." *Patrick Collins, Inc. v. John Does 1–38*, 941 F. Supp. 2d 153, 166 (D. Mass. 2013) (internal citations and quotation marks omitted).

other hand, LHF fails to demonstrate "good cause," the Court may still, in its discretion, permit an extension of time. Judge Ellis of this District recently endorsed this plain reading of Rule 4(m):

> As Rule 4(m)'s plain language makes clear, the presence of "good cause" for the failure to serve process on time renders mandatory a district court's extension of time to serve process. Yet, the portion of Rule 4(m) permitting a district court to "order that service be made within a specified time" is in no way connected to any good cause requirement. Thus, Rule 4(m) unambiguously permits an extension of time to serve process regardless [of] whether a plaintiff can show good cause for delay.

*Robinson v. G D C, Inc.*, No. 1:16cv174, 2016 WL 3461285, at *3 (E.D. Va. June 21, 2016).[11]

Bearing this construction of Rule 4(m) in mind, the Court declines to determine whether LHF can demonstrate good cause for its failure to serve the first named defendant within the 90-day time proscribed by the Rule. Because this case remains in an early stage of litigation, in which no defendant has filed an answer or other responsive pleading, the Court sees no prejudice that could result from a brief extension of time in order to serve one defendant.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court will grant the Third Motion to Extend Time. The Court will extend the time for service of the first named defendant until February 14, 2017. The Court advises LHF, however, that any further requests for additional time to serve defendant must show good cause for the Court to grant the extension.

---

[11] "[W]ith respect to the pre-2015 Amendment version of Rule 4(m)," the Fourth Circuit held "that 'if the complaint is not served within [90] days after it is filed, the complaint must be dismissed absent a showing of good cause.'" *Robinson*, 2016 WL 3461285, at *3 (quoting *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995)). As Judge Ellis pointed out in *Robinson*, "[t]he Fourth Circuit reached this conclusion by assuming, without discussion, that Rule 4(m) had the same meaning as its predecessor, the former Rule 4(j), despite clear indications in the Advisory Committee Notes to the contrary." *Id.* (citing 146 F.R.D. 401, 573 ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.")). Even if *Mendez* had remained good law, it "is no longer controlling authority in this circuit" following "the promulgation of the 2015 Amendment to Rule 4(m)." *Id.*

13

## V. Conclusion

For the foregoing reasons, the Court will: (1) grant the Third Motion to Extend Time, to the extent it pertains to the first named defendant, (ECF No. 11); (2) deny as moot the Second Motion to Extend, (ECF No. 8); (3) deny as moot the Motion for Discovery, (ECF No. 9); (4) deny as moot the Motion for Leave to File, (ECF No. 12); (5) order LHF to file an amended complaint within fourteen (14) days of entry of this Memorandum Opinion and Order; (6) sever and dismiss without prejudice all defendants except the first named defendant; and, (7) quash any subpoenas issued pursuant to its May 26, 2016 Order, (ECF No. 5), to the extent the subpoenas pertain to any defendants other than the first named defendant.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 12/22/2016
Richmond, Virginia